UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

**Robert Cespedes**, individually and on behalf of others similarly situated,

    Plaintiff,

vs.

**Miami Lakes AM, LLC** d/b/a
"Miami Lakes Auto Mall" and "Driver's Auto Mart";
**Atlantic Coast Automotive, Inc.** d/b/a
"Miami Lakes Auto Mall" and "Driver's Auto Mart";
**Kendall Lakes Automotive, LLC** d/b/a
"Kendall Dodge Chrysler Jeep Ram" and "Miami Lakes Auto Mall", and;
**Faisal Ahmed**, individually,

    Defendants.
_____/

CLASS REPRESENTATION

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Robert Cespedes, and others similarly situated, sue Defendants, **Miami Lakes AM, LLC** d/b/a "Miami Lakes Auto Mall" and "Kendall Dodge Chrysler Jeep Ram"; **Atlantic Coast Automotive, Inc.** d/b/a "Miami Lakes Auto Mall" and "Driver's Auto Mart"; **Kendall Lakes Automotive, LLC** d/b/a "Kendall Dodge Chrysler Jeep Ram" and "Miami Lakes Auto Mall", and; **Faisal Ahmed**, individually, and allege:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid minimum wages brought under the laws of the United States of America. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA").

2. Plaintiff Robert Cespedes worked as an automobile salesperson at a conglomerate of automobile dealership locations known as "Miami Lakes Auto Mall" and "Driver's Auto Mart" in Miami-Dade and Broward County, Florida. Mr. Cespedes, together with any other person who may hereafter consent to join in this lawsuit, is an "employee" within the meaning of 29 U.S.C. §203(e). He worked at both dealership locations and was transferred between them.

3. Defendants Miami Lakes AM, LLC d/b/a "Miami Lakes Auto Mall" and "Driver's Auto Mart"; Kendall Lakes Automotive, LLC d/b/a "Kendall Dodge Chrysler Jeep Ram" and "Miami Lakes Auto Mall"; Atlantic Coast Automotive, Inc. d/b/a "Driver's Auto Mart" and "Miami Lakes Auto Mall"; are, respectively, Florida limited liability companies and a corporation owned and operated by and through, directly and indirectly, Defendant Mr. Faisal Ahmed and his son Mr. Ali Ahmed, who operate at least two related, closely, privately held automobile dealership locations as a single conglomerate under the fictitious names of "Miami Lakes Auto Mall" and "Driver's Auto Mart", among others. Defendant Mr. Faisal Ahmed is an employer of the Plaintiff in that he, directly and indirectly through his designees, exercised operational control over both dealership operations.

4. Defendants, each of them individually and together as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and is hereinafter referred to as the "Employer". Moreover, this same "Employer", each individually or together, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §1337, and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida. Upon information

and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

6. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s). Moreover, the Plaintiff was, and others similarly situated were, individually engaged in commerce by virtue of the nature of the work performed.

## CLASS ALLEGATIONS

7. The named Plaintiff is similarly situated to an untold number of other salespersons who work or have worked for the Employer at the dealership locations known as "Miami Lakes Auto Mall" and "Driver's Auto Mart" during any part of the past three years at either of the related dealerships.

8. The named Plaintiff and those similarly situated work or worked under a "commissions-only" pay plan in place at both dealerships. On a bi-weekly basis sales persons are paid either the commissions generated during the established bi-weekly pay period based upon the number of automobiles sold by each respective salesperson, or if greater, they are paid a variable sum purporting to represent a minimum hourly wage for each hour "logged" during the bi-weekly pay period. In either case, the amounts paid are treated as compensation from which all applicable tax and related withholdings are deducted. However, as a matter of practice and policy, any amounts paid to salespersons on account of hours "logged" are subsequently, automatically deducted by the Employer from commissions earned by the salespersons in perpetuity.

9. When employees are paid a supposed hourly wage for the hours "logged", they are considered to be "in the hole". Thus, any amount paid on account of hours during a given bi-

weekly pay-period is not paid finally and unconditionally, but rather is treated by the Employer as money owed to it by sales personnel, which amounts they automatically and systematically withdraw from commissions earned after employees are paid the wages. Thus, hourly wages are treated as money owed to the Employer, until completely repaid from commissions earned in perpetuity. The "hole" is a debt to the Employer owed by salespersons which is collected until repaid in full.

10. The named plaintiff and those similarly situated were routinely scheduled and required to work approximately one hundred and twenty (120) to one hundred and thirty (130) hours or more during bi-weekly pay-periods, but they actually did work well in excess of the number of hours they were scheduled to work, and more than the hours "logged" because the time-keeping and pay plan are designed to discourage the accurate recording of hours worked, since the logging of time results in a debt to the Employer.  However, throughout many pay periods, the Plaintiff and those similarly situated were paid less than the minimum wage required for every hour worked during bi-weekly pay periods.

11. The Employer maintains a method of time keeping which would or could reflect the actual number of hours worked by sales personnel, however, because the payment of wages based upon hours logged effectively results in a perpetual debt owing to the Employer, the system is not reliable, encourages the underreporting of hours worked, and is not meaningfully enforced.

12. Only commissions generated as provided under published pay plans are actually and unconditionally paid, although they are often not paid on the regularly scheduled pay day as required by law.

13. The Employer further avoids the responsibility of paying a minimum wage to sales personnel during every established pay-period by taking unjustified deductions from the time actually logged by employees as well as deductions from their commission earnings.

14. On numerous occasions during the period of time covered by this Complaint, the Plaintiff, and those similarly situated, generated fewer sales commissions than are necessary to cover the required minimum wage for all hours actually worked, or they sometimes were not paid all of their earned commissions and bonuses under the pretext that they were unqualified for such compensation as a result of being "in the hole".

## ATTORNEY'S FEES

15. Plaintiff has engaged the services of the undersigned attorneys and have agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

16. Plaintiffs are entitled to an award of prevailing party attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and other related authority.

17. Plaintiffs are entitled to an award of prevailing party attorney's fees pursuant to Florida Statute §448.08.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Minimum Wages)

18. At all times during employment, the Plaintiff, and others similarly situated, were employees required to be finally and unconditionally paid a minimum hourly wage during each respective pay period for every hour actually worked during said bi-weekly pay period.

19. Since on or about December, 2014 through the present ("the applicable period covered by this Complaint"), the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to pay the Plaintiff and other similarly situated salespersons a minimum

hourly wage during numerous applicable pay periods by, among other factors: (a) failing to finally and unconditionally pay at least the applicable minimum hourly wage for every hour worked during numerous covered pay periods as required by law; (b) maintaining a system which effectively encourages the underreporting of hours worked, and; (c) making unjustified deductions and reductions from earned compensation to minimize payroll obligations.

20.     At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.1, *et. seq.* in that Plaintiff and those similarly situated performed services for the benefit of the Defendants for which they were paid below the minimum wage rates required under both federal law, and under applicable Florida law and Constitution, whose occasionally higher minimum wage rates are made applicable under the FLSA. Other persons who may become plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employer and have also been systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

21.     The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages and remains owing the named Plaintiff and other similarly situated employees a minimum wage for every hour worked during the three year period preceding this lawsuit.

## -- COUNT II --
## BREACH OF AGREEMENT TO PAY WAGES
### (Failure to Pay Agreed Wages)

Plaintiff realleges ¶¶ 1 through 17, as though fully set forth herein.

22.     At all times during their employment, the Plaintiff and those similarly situated were employees whom the Employer had agreed to pay at wages representing the greater of a minimum

6

hourly wage for every hour worked during corresponding pay periods, or commissions earned during each pay period.

23. Toward this end, the Employer promised to calculate and finally pay commissions due, or if greater, a minimum hourly wage, on a bi-weekly period. Hourly wages were not to be clawed back by the Employer beyond the bi-weekly pay period during which they were earned.

24. The Employer breached the agreement to pay wages by, among other factors, clawing back wages paid on account of hours worked, from commissions subsequently earned in subsequent pay periods, and by failing to pay a minimum hourly wage for all hours actually worked.

25. The Employer breached the agreement to pay wages and commissions by secreting sales profits -- from which sales commissions are calculated -- through a series of accounting escamotages, including the adding undisclosed and fictitious "Pack" charges and Dealer Fees as a cost of vehicles to the dealer, and secreting MSRP "Holdback" payments the manufacturer makes directly to the dealer after vehicles are sold, all accomplished to diminish the percentage of gross revenues generated in calculating the commissions promised under the pay plan.

WHEREFORE, Plaintiffs demand the following: payment of all accrued unpaid wages and commissions, and wrongfully confiscated wages and commissions, together with all payments promised under the pay plan, in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## -- COUNT III --
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Retaliation by Employer)**

Plaintiff realleges ¶¶ 1 through 6 as though fully set forth herein.

26. Plaintiff exercised an FLSA protected right by complaining to the Employer about their failure to pay FLSA wages due, and his rights to recover unpaid minimum hourly wages for every hour worked.

27. Almost immediately following his complaint regarding the non-payment and the late payment of wages, and as a result of such exercise, the Plaintiff suffered adverse employment consequences.

28. At all times material to this action, the Employer violated 29 U.S.C. §215(a)(3) in that Defendant retaliated against Plaintiff for asserting rights under the FLSA.

29. The Employer knew and/or showed a reckless disregard of the provisions of the FLSA concerning the prohibition against retaliation against the assertion of FLSA rights and thus is liable to compensate the Plaintiffs for damages, liquidated damages, punitive damages and other equitable relief.

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, demands the following: employment, reinstatement, promotion, lost wages, front pay, compensatory damages, pre-judgment interest, and punitive damages pursuant to the Fair Labor Standards Act to be proven at the time of trial and for such further relief as may be permitted by the Fair Labor Standards Act, whichever is greater, together with court costs and attorney's fees.

## JURY DEMAND

30. Plaintiff and those similarly situated who hereafter consent to join this lawsuit, demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

WHEREFORE, Plaintiff, and others similarly situated, demand the following: payment of minimum wages for every hour worked by them and those similarly situated during every pay

period, or as much as is allowed by the Fair Labor Standards Act, whichever is greater, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances.  Also, in the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Dated: January 5, 2018

Anthony F. Sanchez, P.A.
Counsel for Plaintiff
6701 Sunset Drive, Suite 101
Miami, FL 33143
Tel.:   305-665-9211
Fax:   305-328-4842
E-mail:   afs@laborlawfla.com

By:    /s/Anthony F. Sanchez
        Anthony F. Sanchez
        Florida Bar No. 0789925